UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW RYUN MOSCOE,<br><br>Plaintiff,<br><br>v.<br><br>PELICAN BAY STATE PRISON, et al.,<br><br>Defendants. | Case No. 20-cv-05968-JD<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he is receiving rotten food and was subject to many instances of retaliation.  The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.  *See Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam) (8th Amendment requires that pretrial detainees be given food that meets or exceeds the Department of Agriculture's *Dietary Guidelines*); *see, e.g., Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) (summary judgment properly granted for defendants because plaintiff failed to provide any evidence that the jail's pregnancy diet (which consisted of regular inmate diet plus a prenatal vitamin and an additional 32 ounces of milk per day) was nutritionally insufficient or inedible); *id*. at 1243 (evidence that inmate's statement that the diet left her "hungry" would not alone establish an objectively serious condition); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th Amendment).

Nutritionally complete food served to inmates is deficient under constitutional standards if it is prepared under conditions so unsanitary as to make it unwholesome and a threat to inmates who consume it.  *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1412 (N.D. Cal. 1984); *cf. LeMaire*, 12 F.3d at 1456 ("[t]he fact that the food occasionally contains foreign objects or

sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation") (quoting *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)). Food that is spoiled and water that is foul would be inadequate to maintain health. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff presents many allegations against many defendants. Plaintiff first alleges that for many months he routinely received expired, frozen, rotten and moldy food and Correctional Food Manager Williams failed to remedy the situation. This is sufficient to state a claim against Williams. Plaintiff has failed to demonstrate that correctional officers who at various times delivered his meals were responsible for the condition of the meals. His conclusory allegations against the correctional officer defendants are insufficient to state a claim.

Plaintiff states that he filed an inmate appeal on March 8, 2020, in order to obtain his Kosher meals fully cooked and not expired or moldy. From April 9-11, 2020, plaintiff only received portions of his breakfast and lunch. He was informed that extra food would arrive at dinner, but no extra food came. To the extent plaintiff alleges that not receiving his entire meals was a form of retaliation, he has failed to present allegations that demonstrate any specific

defendant was liable.

On April 9, 2020, plaintiff was not provided his medication at pill-call, instead defendant Correctional Officer Farley came to plaintiff's cell to deliver his pills. Plaintiff contends this was in retaliation for his appeals and complaints about the food. This fails to state a claim because an adverse action can be so insignificant that it "cannot reasonably be expected to deter protected speech." *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. *See id*. at 975-76 (discussing *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998)). Delivering the pills instead of handing them out at pill-call fails to demonstrate a sufficient adverse action.

On April 11, 2020, plaintiff was issued a Rules Violation Report ("RVR") by defendant Correctional Officer Pilgrim due to complaining about the food. Plaintiff states this RVR was in retaliation for his inmate appeals and complaints about receiving unsanitary food. This is sufficient to state a claim against Pilgrim.

On April 12, 2020, plaintiff was issued a RVR for threatening defendant Correctional Officer Farley. Plaintiff states that Farley essentially told him the RVR was issued due to plaintiff's appeals. This is sufficient to state a retaliation claim against Farley.[1]

On May 17, 2020, defendant Correctional Officer Shabbir searched plaintiff's cell and issued an RVR for several violations. Shabbir told plaintiff that his cell was searched at the request of a sergeant. This fails to state a claim of retaliation because plaintiff has failed to demonstrate that Shabbir searched the cell and issued an RVR in response to plaintiff's protected conduct.

On July 15, 2020, plaintiff was moved to a different housing unit at the prison by defendant Captain Parry who stated it was because plaintiff filed appeals concerning his meals and then filed a lawsuit. This is sufficient to state a retaliation claim against Parry.

---

[1] Plaintiff also names as defendants, the correctional officers who presided over the RVR hearings. Simply that they were involved in the RVR hearings is insufficient to find them liable for plaintiff's allegations of retaliation.

4

Plaintiff's allegations regarding interference with legal mail and the moving of his legal books fail to state a claim. To the extent plaintiff wishes to amend and pursue these claims he may file a separate action because these claims are not related to the allegations in this complaint.

## CONCLUSION

1. The following defendants shall be served at Pelican Bay State Prison: Captain C. Parry, Correctional Officer T. Farley, Correctional Officer L. Pilgrim and Correctional Food Manager J. Williams. All other defendants are dismissed.

Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.  In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.	All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4.	Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5.	It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 18, 2021

JAMES DONATO
United States District Judge

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.